O

JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| GUNN PACIFIC REFLECTION LLC, a Washington limited liability company<br><br>Plaintiff,<br><br>v.<br><br>ASBJORN JOHNSEN, an individual; ODD WESTRUM, an individual; GARY K. WIGGINS, an individual; CAPTAIN'S ADJUSTING SERVICES, INC., a Washington corporation; MAGONE MARINE SERVICE, INC., an Alaska corporation; MARINE ELECTRIC, INC., a Washington corporation; NORTH SEA REFRIGERATION INC., a Washington corporation; PROGRESSIVE FISHERIES L.L.C., a Washington limited liability company,<br><br>Defendants. | Case No. 2:18-CV-06842-ODW (JPRx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [39]** |

## I. INTRODUCTION

Presently before the Court is Plaintiff Gunn Pacific Reflection LLC's ("Plaintiff") Motion for Default Judgment ("Motion"). (ECF No. 39.) For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.[1]

## II. BACKGROUND

### A. Factual Background

As the former owner of the Vessel PACIFIC REFLECTION, official number 546106 ("Vessel"), Plaintiff brings this action seeking a declaration that the Vessel is clear from any maritime lien or Notice of Claim of Maritime Lien ("Notice"). (Compl. ¶ 3, ECF No. 3.)

Defendant Asbjorn Johnsen ("Johnsen") was allegedly a Vessel crew member under its previous owner AKW Fisheries, Inc. ("AKW"). (Compl. ¶ 5.) Johnsen filed a Notice for $5400 against the Vessel with the U.S. Coast Guard on January 14, 1994. (Compl. ¶ 5.) Defendant Odd Westrum ("Westrum") was also allegedly a Vessel crew member under AKW's ownership and filed a Notice for $3000 against the Vessel on February 2, 1994. (Compl. ¶ 7.) Defendant Captain's Adjusting Services, Inc. ("Captain") filed a Notice for $746.12 plus interest against the Vessel on July 19, 1993. (Compl. ¶ 11.) Defendant Magone Marine Service, Inc. ("Magone") filed a Notice for $2393.41 against the Vessel on April 29, 1996. (Compl. ¶ 13.) Defendant Marine Electric, Inc. ("Marine") filed a Notice for $5343.85 against the Vessel on May 12, 1998. (Compl. ¶ 15.) Defendant North Sea Refrigeration, Inc. ("North Sea") filed a Notice for $3136.13 against the Vessel on January 5, 1998. (Compl. ¶ 17.) Defendant Progressive Fisheries, L.L.C. ("Progressive") filed a Notice for $25,000 against the Vessel on October 10, 1997. (Compl. ¶ 19.) Johnsen, Westrum, Captain, Magone, Marine, North Sea, and Progressive are collectively "Defendants."[2]

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] Plaintiff dismissed Defendant Gary K. Wiggins with prejudice on December 13, 2018. (Notice of Voluntary Dismissal, ECF No. 30.)

Plaintiff alleges that, after an investigation, due to the passage of time and the liens occurring under the previous owner, AKW, Plaintiff could not ascertain the facts surrounding Defendants' claims. (Compl. ¶¶ 6, 8, 12, 14, 16, 18, 20.)

**B. Procedural Background**

Plaintiff filed its Complaint on August 9, 2018. (*See generally* Compl.) On August 23, 2018, Plaintiff served Defendant Johnsen with the Summons and Complaint. (Proof of Service ("POS"), ECF No. 12.) Plaintiff served Defendant Marine on August 24, 2018. (POS, ECF No. 13.) On August 29, 2018, Plaintiff served Defendant Magone with the Summons and Complaint via certified mail, which Defendant Magone received on September 5, 2018. (Notice and Acknowledgement of Service, ECF No. 22.) Plaintiff served Defendants Captain, North Sea, and Progressive on September 13, 2018. (POS, ECF Nos. 21, 23, 24.) Plaintiff served Defendant Westrum on November 7, 2018. (POS, ECF No. 25.)

Defendants did not appear or respond to the Complaint, and as such, Plaintiff filed requests to enter default against the non-appearing Defendants. (Request for Clerk to Enter Default, ECF Nos. 26, 33.) On December 11, 2018, the Clerk of the Court entered default against Captain, Magone, North Sea, Progressive, and Westrum (Default by Clerk, ECF No. 27.) On December 18, 2018, the Clerk entered default against Johnsen and Marine. (Default by Clerk, ECF No. 34.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in FRCP 54(c) and 55, as well as Local Rules 55-1 and 55-2. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) "[w]hen and against what party the default was entered;" (2) "[t]he identification of the pleading to which default was entered;" (3) whether the defaulting party is a

minor, incompetent person, or active service member; (4) "[t]hat the Servicemembers Civil Relief Act [50 U.S.C. § 3931] does not apply;" and that (5) the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002). In exercising discretion, a court must consider several factors (the "*Eitel* Factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the [FRCP] favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

## IV. DISCUSSION

Plaintiff has complied with the relevant procedural requirements and has established that the *Eitel* factors favor entry of default judgment.

### A. Procedural Requirements

In accordance with FRCP 55 and Local Rule 55-1, Plaintiff submitted a declaration which states: (1) the Clerk entered default against each Defendant; (2) the default was entered on the Complaint filed on August 9, 2018; (3) Defendants are not infants or incompetent persons; (4) Defendants are not covered under the

Servicemembers Civil Relief Act; and (5) service of the Motion is not required under FRCP 55(b)(2). (Decl. of Lafcadio Darling ¶¶ 4–11, ECF No. 39-1.) Accordingly, the Court finds that Plaintiff satisfied the procedural requirements.

**B.  *Eitel* Factors**

The Court finds that the *Eitel* factors favor default judgment. The Court will discuss each factor in turn.

### 1. First *Eitel* Factor: Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether plaintiff will suffer prejudice if default judgment is not entered. *Eitel*, 782 F.2d at 1471. When a defendant fails to appear and defend its claims, the plaintiff would be without recourse and suffer prejudice unless default judgment is entered. *PepsiCo*, 238 F. Supp. 2d at 1177.

Here, Defendants had the opportunity to pursue their liens for at least the past twenty years but have not done so. The dates of Defendants' liens range from 1993 to 1998. (*See* Compl. ¶¶ 5, 7, 11, 13, 15, 17, 19.) Defendants' delay in pursuing the liens prejudice Plaintiff by clouding the Vessel's title. Defendants also had an opportunity to defend their liens in this action but failed to do so. As a result of Defendants' non-appearance, Plaintiff would be left without recourse if not for default judgment. Accordingly, the first *Eitel* factor weighs in favor of granting default judgment.

### 2. Second and Third *Eitel* Factors: Meritorious and Sufficiently Pleaded Claims

The second and third *Eitel* factors address the merits and sufficiency of Plaintiff's claims as pleaded in the complaint. *Eitel*, 782 F.2d at 1471–72.

Plaintiff brings its claim under 46 U.S.C. § 31343, which governs the recording and discharging of notices of claim of maritime lien. (*See* Compl. ¶ 1.) Under 46 U.S.C. § 31343(e), "[a] notice of claim of lien recorded under subsection (b) of this section shall expire 3 years after the date the lien was established."

Here, Defendants' Notices have expired. Johnsen recorded a Notice against the Vessel on January 14, 1994 (Compl. ¶ 5); Westrum recorded a Notice against the Vessel on February 2, 1994 (Compl. ¶ 7); Captain recorded a Notice against the Vessel on July 19, 1993 (Compl. ¶ 11); Magone recorded a Notice against the Vessel on April 29, 1996 (Compl. ¶ 13); Marine recorded a Notice against the Vessel on May 12, 1998 (Compl. ¶ 15); North Sea recorded a Notice against the Vessel on January 5, 1998 (Compl. ¶ 17); and Progressive recorded a Notice against the Vessel on October 10, 1997 (Compl. ¶ 19). To the extent that any Defendant still intends to pursue its Notice, it will likely be precluded from doing so as a result of 46 U.S.C. § 31343(e). Therefore, Plaintiff has sufficiently pleaded a meritorious admiralty and/or maritime claim that falls within the Court's subject-matter jurisdiction. *See* Fed. R. Civ. P. 9(h)(1). Accordingly, the second and third *Eitel* factors weigh in favor of granting default judgment.

### 3. Fourth *Eitel* Factor: The Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of [the] [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Stated otherwise, the Court is required to assess "whether the recovery sought is proportional to the harm caused by [D]efendants' conduct." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

Here, Plaintiff seeks to clear the Vessel's title under 46 U.S.C. § 31343 from Defendants' liens. Defendants' seven Notices against the Vessel amount to a total of $45,019.51 plus interest. Relief is proportional to the harm caused because Plaintiff is seeking only to clear the vessel of the liens, and is not seeking any additional amount for Defendants' failure to pursue their claims or respond to the Complaint. Accordingly, the fourth *Eitel* factor favors entry of default judgement.

### 4. Fifth *Eitel* Factor: Possibility of Disputed Fact

The fifth *Eitel* factor examines whether material facts are disputed. *Eitel*, 782 F.2d at 1471–72. Because the allegations in Plaintiff's Complaint are presumed true,

Defendants' failure to appear in this action results in a finding that "no factual disputes exist that would preclude entry of default judgment." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1013 (C.D. Cal. 2014). Accordingly, this factor favors entry of default judgment.

### 5. Sixth *Eitel* Factor: Excusable Neglect

The sixth *Eitel* factor considers whether Defendants' default was due to excusable neglect. *Eitel*, 782 F.2d at 1471–72.

Plaintiff effected service on each Defendant.[3] Defendants were thus on notice and failed to respond. No facts before the Court indicate that Defendants' defaults are due to excusable neglect.

### 6. Seventh *Eitel* Factor: Policy for Deciding Cases on the Merits

Finally, the seventh *Eitel* factor reflects the policy that "cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, "a decision on the merits [is] impractical, if not impossible" when a defendant fails to answer the plaintiff's complaint. *PepsiCo Inc.*, 238 F. Supp. 2d at 1177.

Here, a decision on the merits is not possible since Defendants failed to respond or otherwise defend this case. Accordingly, the seventh *Eitel* factor favors entry of default judgment.

As the *Eitel* factors favor granting default judgment, the Court **GRANTS** Plaintiff's Motion for Default Judgment.

## C. Relief Sought

Plaintiff seeks declaratory relief that the Vessel is not subject to any maritime lien or Notice from Defendants. (Mot. 5.)

In determining the proper scope of declaratory relief, FRCP 54(c) requires that

---

[3] Defendants Captain, North Sea, and Progressive are involuntarily dissolved companies in Oregon and each were served at their last known registered agent's address and through the Oregon Secretary of State. Oregon's service statute provides that "[t]he Secretary of State shall be an agent of a corporation including a dissolved corporation upon whom any such process . . . may be served whenever the corporation fails to appoint or maintain a registered agent." Or. Rev. Stat. § 60.121(2).

"a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Here, Plaintiff has specifically pleaded a claim for declaratory relief in its Complaint. (Compl. 9.) Plaintiff requests the Court to enter default judgment in the form of declaratory relief clearing the Vessel from any maritime lien or Notice asserted by Defendants Johnsen, Westrum, Captain, Magone, Marine, North Sea, and Progressive. (Compl. 9.) This relief appears appropriate and within the Court's jurisdiction pursuant to 46 U.S.C. § 31343(c)(2).

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment. (ECF No. 39.) It is further **ORDERED** that the Clerk of the Court shall enter **JUDGMENT** in favor of Plaintiff and against Defendants as follows:

1. Defendant Asbjorn Johnsen's lien for $5400 submitted on January 14, 1994, against the Vessel PACIFIC REFLECTION, official number 546106, is time-barred under the applicable statute of limitations, and thus the Vessel is not subject to the notice of claim of lien filed by Defendant Johnsen on January 14, 1994;

2. Defendant Odd Westrum's lien for $3000 submitted on February 2, 1994, against the Vessel PACIFIC REFLECTION, official number 546106, is time-barred under the applicable statute of limitations, and thus the Vessel is not subject to the notice of claim of lien filed by Defendant Westrum on February 2, 1994;

3. Defendant Captain's Adjusting Services, Inc.'s lien for $746.12 plus interest submitted on July 19, 1993, against the Vessel PACIFIC REFLECTION, official number 546106, is time-barred under the applicable statute of limitations, and thus the Vessel is not subject to the notice of claim of lien filed by Defendant Captain's Adjusting Services, Inc. on July 19, 1993;

4. Defendant Magone Marine Service, Inc.'s lien for $2393.41 submitted on

April 29, 1996, against the Vessel PACIFIC REFLECTION, official number 546106, is time-barred under the applicable statute of limitations, and thus the Vessel is not subject to the notice of claim of lien filed by Defendant Magone Marine Service, Inc. on April 29, 1996;

5. Defendant Marine Electric, Inc.'s lien for $5343.85 submitted on May 12, 1998, against the Vessel PACIFIC REFLECTION, official number 546106, is time-barred under the applicable statute of limitations, and thus the Vessel is not subject to the notice of claim of lien filed by Defendant Marine Electric, Inc. on May 12, 1998;

6. Defendant North Sea Refrigeration, Inc.'s lien for $3136.13 submitted on January 5, 1998, against the Vessel PACIFIC REFLECTION, official number 546106, is time-barred under the applicable statute of limitations, and thus the Vessel is not subject to the notice of claim of lien filed by Defendant North Sea Refrigeration, Inc. on January 5, 1998;

7. Defendant Progressive Fisheries, L.L.C.'s lien for $25,000 submitted on October 10, 1997, against the Vessel PACIFIC REFLECTION, official number 546106, is time-barred under the applicable statute of limitations, and thus the Vessel is not subject to the notice of claim of lien filed by Defendant Progressive Fisheries, L.L.C on October 10, 1997; and

8. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

June 17, 2019

                                                **OTIS D. WRIGHT, II**
                                       **UNITED STATES DISTRICT JUDGE**